UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

HOLLIE S.,

                        Plaintiff,

v.                                                                                              CASE # 21-cv-01075

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

APPEARANCES:                                                              OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC          KENNETH R. HILLER, ESQ.
  Counsel for Plaintiff                                               JUSTIN D. JONES, ESQ.
600 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                            KRISTINA D. COHN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

I.      RELEVANT BACKGROUND

   A.      Factual Background

Plaintiff was born on December 5, 1977 and has at least a high school education. (Tr. 356, 362). Generally, plaintiff's alleged disability at the time of application was degenerative disc disease, anxiety, depression, herniated disc, right knee replacement, colitis, heart issues, pinched nerves in her back, inactive MRSA, and asthma. (Tr. 361). Her alleged onset date of disability is August 15, 2017, and her date last insured was June 30, 2019. (Tr. 16, 356).

   B.      Procedural History

On May 27, 2020, plaintiff applied for a period of Supplemental Security Income Benefits (SSI) under Title XVI of the Social Security Act and Social Security Disability benefits (SSD) under Title II of the Social Security Act. (Tr. 15). Plaintiff's applications were denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge (ALJ). (Tr. 236). On May 13, 2021, plaintiff appeared telephonically before ALJ Stephen Cordovani. (Tr. 55-88). On June 30, 2021, ALJ Cordovani issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 13-30). On August 25, 2021, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

   C.      The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1.      The claimant meets the insured status requirements of the Social Security Act through June 30, 2019.

2.      The claimant has not engaged in substantial gainful activity since August 15, 2017, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: obesity; degenerative disc disease, neck, low back, and thoracic; bilateral knee osteoarthritis, status-post right total knee replacement; asthma; major depressive disorder; and generalized anxiety disorder. (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally climb ramps/stairs; never climb ladders, ropes, and scaffolds; occasionally balance, kneel, and crouch; never crawl. She must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and other respiratory irritants. She can maintain normal workday and workweek schedule. She must work in a low stress work environment, reflected by no supervisory duties, no independent decisionmaking, no strict production quotas (as with assembly line work), and minimal changes in work routine and processes. She can have occasional interaction with supervisors, coworkers and the public. No team, tandem, or codependent work.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on December 5, 1977 and was 39 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 15, 2017, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 13-30).

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Argument

Plaintiff argues the ALJ erroneously evaluated the opinion evidence resulting in an RFC finding that was unsupported by substantial evidence. (Dkt. No. 10 [Pl's Mem. of Law]). Specifically, plaintiff asserts the ALJ did not properly address the supportability and consistency factors evaluating the opinions from Nurse Practitioner Roae or the state agency review physicians. (*Id.* at 14).

### B.     Defendant's Arguments

Defendant responds that the ALJ properly evaluated the opinions of record and that the Step Five finding was supported by substantial evidence. (Dkt. No. 11 [Def.'s Mem. of Law]).

## III.    RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity'

5

assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.    ANALYSIS

Plaintiff essentially argues the ALJ should have found the opinions of Nurse Practitioner (NP) Roae and the state agency physicians more persuasive and adopted their limitations in formulating the RFC. (Dkt. No. 10). However, in reaching his conclusions about plaintiff's RFC, the ALJ appropriately considered the record as a whole, including other medical opinion evidence. 20 C.F.R. §§ 404.1545, 416.945; SSR 96-8p. Plaintiff has failed to satisfy the burden of proving she is entitled to a more restrictive RFC than that found by the ALJ. *Burgess v. Astrue*, 537 F.3d at 128 (the plaintiff bears the burden of proving her case at steps one through four).

As an initial matter, the ALJ appropriately applied the new set of regulations for evaluating medical evidence when discussing the opinion evidence. *See* 20 C.F.R. §§ 404.1520c. 404.1545(a)(3), 404.1546(c), 416.920c, 416.945(a)(3), 416.946(c). Notably, the Commissioner chose not to retain the "treating source rule" that could require deference to treating source opinion evidence. 82 Fed. Reg. at 5853. While the ALJ must articulate his consideration of all medical opinions, the new regulations no longer mandate particularized procedures that the adjudicator must follow in considering opinions from treating sources (*e.g.*, a requirement that adjudicators must "give good reasons" for the weight given a treating source opinion). *Compare* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (2016) and 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (2017) *with* 20 C.F.R. §§ 404.1520c(b), 416.920c(b) (2017). Rather, the ALJ focuses on the persuasiveness of the medical opinion(s) or prior administrative medical finding(s) using the following five factors: (1) Supportability; (2) Consistency; (3) Relationship with the claimant (which includes: (i) Length

of the treatment relationship; (ii) Frequency of examinations; (iii) Purpose of the treatment relationship; (iv) Extent of the treatment relationship; and (v) Examining relationship); (4) Specialization; and (5) Other factors. 20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). Under the new regulations, the ALJ must explain in his decision how persuasive he finds medical source's medical opinions and/or prior administrative medical findings based on the most important factors of supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2) (2017).

### A. Dr. Collins/NP Roae Opinion

Plaintiff argues the ALJ did not properly explain the supportability or consistency factors as required by the regulations when considering the opinion of NP Roae. (Dkt. No. 10 at 21). While plaintiff refers to the opinion as being from NP Roae, it also bears the stamp of Dr. Collins. (Tr. 1840-44). Eventually plaintiff settles on arguing that NP Roae/Dr. Collins' restriction to no reaching, with occasional handling or fingering, the limitation of missing four workdays per month, and the ability to stand or walk for combined total of less than two hours per day should have been adopted by the ALJ. (Dkt. No. 10 at 21). Plaintiff argues the ALJ did not explain persuasiveness factors while conversely claiming that he gave several reasons covered under the supportability factor in rejecting the opinion, but in any event that they all fail. (Dkt. No. 10 at 15).

Plaintiff first asserts the ALJ was not to consider the check-box format of the opinion however case law supports it can be considered when the assessed limitations are unsupported and inconsistent with the record evidence as a whole. *Schillo v. Kijakazi*, 31 F.4th 64 (2d Cir. 2022). Here, the ALJ reasoned that Dr. Collins' and NP Roae's extreme limitations were unsupported by the objective evidence of record. (*See* Tr. 27; 20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2)). Although plaintiff is able to cite findings of back and knee tenderness, there were a number of findings which were inconsistent. For example, NP Roae and Dr. Collins repeatedly noted that

plaintiff was neurologically intact and had normal range of motion and normal strength throughout the extremities. (Tr. 764, 868, 890, 1582). Other sources reported that plaintiff was continuously neurologically intact. (Tr. 437, 449, 479, 490, 511, 574, 579, 583, 593, 599, 639, 647, 679, 712, 734, 749, 767, 874, 885, 901, 1142, 1385). Plaintiff also reported improvement in her neck and back pain with pain medication (Tr. 451, 566, 572, 587, 613, 625, 631, 665, 671, 681, 1043).

In addition to the check-box format, the ALJ also stated that the opinion was overly restrictive in light of the objective evidence. (Tr. 27). A review of the decision confirms the ALJ discussed the objective findings throughout his decision even if not repeating the findings specifically in the discussion of the opinions. (*See* Tr. 23-27). *See Salmini v. Comm'r of Soc. Sec.*, 371 F.App'x 109, 112-13 (2d Cir. Mar. 25, 2010) *citing Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982) (internal quotations omitted) ("the absence of an express rationale for an ALJ's conclusions does not prevent us from upholding them so long as we are 'able to look to other portions of the ALJ's decision and to clearly credible evidence in finding that his determination was supported by substantial evidence.'").

Lastly, the ALJ appropriately considered that the opinion was based on plaintiff's subjective complaints. (Tr. 27). *Lewis v. Colvin*, 548 F. App'x 675, 678 (2d Cir. 2013) (physician opinion was not compelling because it was based on the claimant's subjective complaints). Dr. Collins' and NP Roae's extreme limitations echoed plaintiff's subjective complaints and were not corroborated by the providers' largely normal clinical findings. (Tr. 868, 874, 885, 890, 901, 1582). Plaintiff was able to perform a wide variety of activities of daily living including cooking, cleaning, shopping, and performing childcare albeit with assistance sometimes. (Tr. 373, 748, 753). Plaintiff also drove, managed her finances, made wreathes, and played videogames. (Tr. 748.) As discussed by the ALJ, Dr. Collins' and NP Roae's opinion that plaintiff could never reach

8

was inconsistent with her reports that she could dress, bathe, shave, and use the toilet by herself. (Tr. 27, 373, 748). *See* SSR 16-3p, 2017 WL 5180304, at *6, 7 ("[a]n individuals statements may address … the impact of the symptoms on [her] ability to perform daily living activities."); *Cichocki*, 729 F.3d at 178 (2d Cir. 2013) (ALJ properly considered claimant's reported daily activities in assessing the RFC); *Poupore,* 566 F.3d at 307 (evidence that the claimant engaged in many and varied activities of daily living weighed against the claimant's subjective symptomatology). Additional objective findings showed plaintiff had a full range of motion of her neck and full range of motion of the shoulders, elbows, forearms, and wrists bilaterally. (Tr. 506, 749, 1487). Following complaints of pain in her left shoulder, an x-ray of plaintiff's left shoulder showed no fractures, dislocations, or significant osseous degenerative changes. (Tr. 532). Following complaints of right elbow and right wrist pain, x-rays of plaintiff's right elbow and right wrists were negative for fractures. (Tr. 1501-02). In sum, plaintiff has not satisfied her burden to show she was more limited than found by the RFC.

### B. State Agency Review Physician's Opinions

Plaintiff next alleges the ALJ improperly found the opinions of the state agency review physicians, Drs. Putcha and Koenig, persuasive and that the ALJ further erred by relying on these opinions over the opinion of Dr. Collins/NP Roae. (Dkt. No. 10 at 22). As an initial matter, plaintiff argues that the ALJ relied on only the opinions of Drs. Putcha and Koenig in assessing the RFC, and conversely relied solely on a non-examining opinion from a consultative examiner. (Dkt. No. 10 at 22-23). A review of the decision as a whole supports that the ALJ considered all the opinion evidence as well as medical evidence in assessing the RFC. Afterall, the RFC is not a medical finding but rather administrative and a determination within the province of the ALJ. *Curry v. Comm'r of Soc. Sec.*, 855 F. App'x 46, 48 n.3 (2d Cir. 2021) (*citing 2*0 C.F.R. § 404.1527(d)(2)).

9

Furthermore, it was within the ALJ's discretion to resolve genuine conflicts in the evidence. *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002); Schaal v. Apfel, 134 F.3d 496, 504 (2d Cir. 1998) ("It is for the [Commissioner], and not this court, to weigh the conflicting evidence in the record"); *see also Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) ("In our review, we defer to the Commissioner's resolution of conflicting evidence.").

State agency physician Dr. S. Putcha's October 2020 prior administrative finding and Dr. J. Koenig's November 2020 administrative finding assessing that plaintiff could perform sedentary work were properly considered by the ALJ in determining the physical RFC. (Tr. 122, 134, 159, 174-75; *citing; see* 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1) (State agency medical and psychological consultants are highly qualified and experts in Social Security disability evaluation, and their prior administrative medical findings must be considered). In accordance with the regulations, the ALJ noted the conclusions were consistent with treatment notes revealing that while there were findings of bilateral knee pain and reduced lumbar range of motion, the claimant had normal gait, full strength and range of motion in the extremities, and negative straight leg raise test bilaterally. (Tr. 453, 467, 484, 566, 679, 689, 712, 726, 910, 914, 918, 920, 922, 962, 978, 996, 999, 1016, 1080, 1098, 1110, 1115, 1154, 1165, 1205, 1350, 1421, 1730). Additionally, objective medical findings from the x-rays of the knees showed minimal degenerative changes. (Tr. 1540). Plaintiff's argument is only that the ALJ should have relied on NP Roae's opinion more than the state agency review physicians but as discussed, the ALJ properly assessed the opinions under the regulations and evidence from these sources can be considered substantial evidence.

Plaintiff next argues the ALJ should have relied more on the consultative examiner's opinion versus the state agency review opinion for psychiatric impairments. (Dkt. No. 10 at 23). Indeed, the ALJ found the opinion from psychiatric state agency review physician Dr. Blackwell

10

was persuasive and consultative examiner Dr. Ippolito's opinion unpersuasive. (Tr. 26). As discussed above, contrary to plaintiff's argument that a reviewing physician's opinion is entitled to little if any weight, it is well settled that an ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability. *See* 20 C.F.R. §§ 404.1512(b)(6), 404.1513(c), 404.1527(e). While plaintiff does not identify any errors in the ALJ's consideration of the opinion from consultative examiner Dr. Ippolito, she asserts the ALJ should have adopted the opined limitations merely because he examined the plaintiff and Dr. Blackwell only reviewed the record. (*Id*.). Dr. Blackwell's opinion that plaintiff can perform the basic mental demands of unskilled work activity is however consistent with mental status exam findings of intact memory, full orientation, normal judgment and insight, and normal attention span and concentration. (Tr. 453, 459, 467, 473, 490, 497, 511, 574, 579, 589, 593, 599, 603, 609, 615, 627, 633, 639, 647, 657, 673, 712, 720, 726, 730, 910, 914, 920, 922, 962, 965, 968, 971, 974, 976, 978, 983, 986, 989, 993, 996, 1002, 1006, 1008, 1027, 1033, 1039, 1057, 1068, 1074, 1080, 1086, 1092, 1098, 1110, 1115, 1126, 1159, 1170, 1182, 1189, 1195, 1205, 1226, 1232, 1244, 1320).

The ALJ accordingly explained he did not find the opinion of Dr. Ippolito, that plaintiff had moderate-to-marked limitations in regulating emotions, controlling behavior, and maintaining wellbeing, was persuasive because it was unsupported by the doctor's own findings. (Tr. 753-54). However, the ALJ did limit plaintiff to low stress work with additional non-exertional limitations which is not inconsistent with moderate-to-marked limitations. *See Rice v. Comm'r of Soc. Sec*., 18-CV-1369, 2020 WL 4283894, at *4 (W.D.N.Y. July 27, 2020)(Court found plaintiff would not be foreclosed from performing simple, low-stress work with only occasional contact with supervisors and co-workers and incident contact with the public, even if he did have moderate-to-

marked limitation in the area of adequately relating with others and appropriately dealing with stress, or the area of moderating his emotions and controlling his behavior). Plaintiff has not shown the RFC was inconsistent with the limitations of Dr. Ippolito or that she was more limited than determined.

The Second Circuit has made clear that it is the plaintiff who bears the burden of proving that her RFC is more restricted than that found by the ALJ, whereas the Commissioner need only show that the ALJ's decision was supported by substantial evidence in the record. *Poupore v. Astrue,* 566 F.3d 306 (2d Cir. 2009). Plaintiff has not introduced any evidence showing that she was not able to perform work commensurate with the ALJ's RFC finding, or that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in the record. Therefore, remand is not warranted.

**ACCORDINGLY, it is**

> **ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is
>
> **DENIED**; and it is further
>
> **ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 11) is
>
> **GRANTED.**

Dated: August 7, 2023                                            *J. Gregory Wehrman*
Rochester, New York                                              HON. J. Gregory Wehrman
                                                                 United States Magistrate Judge